LAURA E. DUFFY
United States Attorney
CAROLINE J. CLARK
Assistant U.S. Attorney
California State Bar No. 220000
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Email: caroline.clark@usdoj.gov
Telephone: (619) 546-7183
Facsimile: (619) 546-7751

Attorneys for Petitioner

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Petitioner,<br><br>          v.<br><br>PERRY HITT,<br><br>                                    Respondent. | Civil Case No. **'12 CV 1753 BTM DHB**<br><br>PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS<br><br>Date:   September 14, 2012<br>Time:  2:00 p.m.<br>Crtrm: 15<br>The Honorable Barry Ted Moskowitz |

Petitioner, the United States of America, by its counsel, Laura E. Duffy, United States Attorney, and Caroline J. Clark, Assistant United States Attorney, petitions the Court for an order to enforce the Internal Revenue Service ( "IRS") summons described below and, in support thereof, alleges as follows:

1.   This proceeding is brought at the request of the Chief Counsel, IRS, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States.

2.   Jurisdiction over these proceedings is conferred upon this Court by 26 U.S.C. §§ 7402(b) and 7604(a), and 28 U.S.C. § 1345.

3.   Venue is proper in the Southern District of California because Perry Hitt ("Respondent") is found within this district.

4.   At all times relevant, Samantha Treadwell, who served the summons on Respondent, was a Revenue Officer with the IRS, employed in the Small Business/Self-Employed Division of the IRS in San Diego, California, and was authorized to issue the IRS summons pursuant to the authority contained

///

1  in 26 U.S.C. § 7602 and 26 C.F.R. § 301.7602-1.  <u>See</u> Declaration of Revenue Officer Samantha

2  Treadwell, at ¶ 1 (hereinafter "Treadwell Decl.").

3       5.  Respondent resides at 4935 Crestland Dr., La Mesa, California, which is within the

4  geographical jurisdiction of this Court.

5       6.  On November 9, 2011, Revenue Officer Treadwell issued an IRS summons directing

6  Respondent to appear on November 21, 2011, at 8:00 a.m. at 880 Front Street, Suite 3295, San Diego,

7  California, to give testimony and to produce for examination the documents and records specified the

8  summons. Treadwell Decl. at ¶¶ 3, 5.  The summons (IRS Form 2039) relates to the continuing failure

9  of Respondent to file Forms 1040 income tax returns for the calendar tax years 2004, 2006, 2007, and

10  2009.  <u>Id.</u> at ¶¶ 2, 3.  A copy of the summons is attached to the Treadwell Declaration as Exhibit A.

11       7.  On November 9, 2011, Revenue Officer Treadwell served the summons on the Respondent

12  by leaving an attested duplicate original copy with Respondent's wife at his last and usual place of

13  abode. <u>Id.</u> at ¶ 4.  A copy of the certificate of service is attached to the Treadwell Declaration as Exhibit

14  B.

15       8.  On November 21, 2011, Respondent failed to appear and did not provide any of the

16  summonsed information.  <u>Id.</u> at ¶ 5.

17       9.  On December 1, 2011, attorney Donald D. Priver of the Office of Chief Counsel, IRS, sent

18  a letter to Respondent providing him with another opportunity to comply with the summons and

19  directing him to appear before Revenue Officer Treadwell on January 5, 2012, at 10:00 a.m. at 880 Front

20  Street, Room 3295, in San Diego, California.  <u>Id.</u> at ¶ 6.  A copy of the letter is attached to the Treadwell

21  Declaration as Exhibit C.

22       10.  Respondent did not appear on January 5, 2012, and did not provide any of the summonsed

23  information.  <u>Id.</u> at ¶ 7.

24       11.  Respondent has not provided the IRS with the testimony and documents requested in the

25  summons.  <u>Id.</u>at ¶ 8.

26       12.  All administrative steps required by the Internal Revenue Code for the issuance of the

27  summons have been taken.  <u>Id.</u> at ¶ 10.

28  ///

13.   In order to obtain judicial enforcement of an IRS summons, the United States bears the initial burden of showing "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed . . . " United States v. Powell, 379 U.S. 48, 57-58 (1964); accord, United States v. Dynavac, 6 F.3d 1407 (9th Cir. 1993).   The burden on the government is a "slight one" and may be satisfied by presenting the declaration by the investigating agent. Dynavac, 6 F.3d at 1414 (citations omitted). Once a prima facie case has been made, "a heavy burden falls on the taxpayer" to show an abuse of process or lack of institutional good faith. Id. The taxpayer "must allege specific facts and evidence to support his allegations." Liberty Financial Services v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985) (citation omitted). The matter may be decided on the written record in a summary proceeding. See Hotz v. United States, No. MISC-CV-F-95-32, 1996 WL 159695 at *2 (E.D. Cal. Jan. 9, 1996).   To be entitled to an evidentiary hearing, a respondent must make some showing to support a contention of improper purpose or lack of good faith. Fortney v. United States, 59 F.3d 117, 121 (9th Cir. 1995).

14.   Revenue Officer Treadwell is conducting an investigation to determine Respondent's income for the tax years 2004, 2006, 2007, and 2009.   Treadwell Decl. at ¶ 2.

15.   The Internal Revenue Code specifically allows the issuance of a summons for the purpose of "determining the liability of any person for any internal revenue tax . . . or collecting any such liability . . ." 26 U.S.C. § 7602(a).   Therefore, Revenue Officer Treadwell's investigation is being conducted pursuant to a legitimate purpose specifically authorized by statute.

16.   Further, the testimony, books, papers, records, or other data sought by the summons are not already in the possession of the IRS.   Treadwell Decl. at ¶ 9.

17.   Respondent is in possession and control of the testimony and documents concerning the above-described investigation.

18.   The Internal Revenue Code permits the Secretary to summon the records of any person "which may be relevant or material" to the investigation. 26 U.S.C. § 7602(a)(1).   It is well settled that to satisfy the relevancy requirement set forth in Powell, the United States must demonstrate that the summoned information may "throw light upon" the subject of the investigation. United States v.

1    Arthur Young & Co., 465 U.S. 805, 813-14, n. 11 (1984).  This standard necessarily presents a low

2    threshold because of the inherent difficulties in ascertaining, prior to examination, how much use the

3    summonsed records will be in determining the collectibility of a person's tax liability and whether a

4    person has an income tax liability for a specific period.  The Supreme Court has observed that:

5            [a]s the language of § 7602 clearly indicates, an IRS summons is not to be judged by the
     relevance standards used in deciding whether to admit evidence in federal court.  The

6    language "may be" reflects Congress' express intention to allow the IRS to obtain items
     of even potential relevance to an ongoing investigation, without reference to its

7    admissibility.  The purpose of Congress is obvious:  the Service can hardly be expected
     to know whether such data will in fact be relevant until it is procured and scrutinized.

8

9    Arthur Young & Co., 465 U.S. at 814 (internal citation omitted) (emphasis in original).  This low

10   threshold of relevance also follows from the language of the Code, which authorizes the investigation

11   of persons who "may be liable" for taxes.  26 U.S.C. § 7601(a).

12        19.  Under the instant circumstances, it is clear that the summonsed material is relevant.  The

13   purpose of Revenue Officer Treadwell's investigation is to determine the tax liabilities of Respondent

14   for the calendar tax years 2004, 2006, 2007, and 2009.  Treadwell Decl. at ¶ 2.  The summons seeks,

15   among other things, "[a]ll documents and records . . .for the year(s) . . . 2004, 2006, 2007, and 2009,

16   including but not limited to: Forms W-2 (Wage and Tax Statement), Forms 1099 for interest and

17   dividend income. . ., and records of deposit with banks or other financial institutions . . . [and] all other

18   books, records, documents and receipts for income. . ." Id. at Exhibit A.  The documents sought by this

19   summons are relevant to assess the corporate tax liability of Perry Hitt.  Id. at ¶ 11.

20        20.  There is no Department of Justice referral in effect with respect to Respondent.  Id. at ¶ 12.

21        WHEREFORE, the United States requests that:

22        1.  The Court enter an order directing Respondent, Perry Hitt, to show cause, if any, why he

23   should not comply with and obey the above-described summons (Treadwell Decl. at Exhibit A) served

24   on November 9, 2011, and each and every requirement thereof, by ordering the attendance, testimony,

25   and production of the books, papers, records, and other data required and called for by the terms of the

26   summons before Revenue Officer Treadwell, or any other proper officer or employee of the IRS at such

27   time and place as may be fixed by Revenue Officer Treadwell or any other proper officer or employee

28   of the IRS.

4

1      2.  That the United States recover the costs and expenses incurred in maintaining this action

2  against Respondent.

3      3.  That the Court grant such other and further relief as may be required.

4

5  DATED: July 17, 2012                    LAURA E. DUFFY
                                           United States Attorney
6
                                           s/ Caroline J. Clark
7
                                           _____
8                                          CAROLINE J. CLARK
                                           Assistant United States Attorney
                                           Attorneys for Petitioner
9                                          E-Mail: caroline.clark@usdoj.gov

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28